UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                         Criminal No. 1:24-cr-58

    v.                                   Hon. ROBERT J. JONKER
                                      U.S. District Court Judge

AARON WILLIAM FEIN,

        Defendant.

---

## UNITED STATES' SENTENCING MEMORANDUM

---

Following his 2020 conviction and prison sentence for making a false statement related to his unlawful possession of firearms, Defendant Aaron Fein possessed a fully assembled and operable Polymer 80 handgun, dozens of rounds of ammunition, and three other handgun frames while on federal supervised release. He pleaded guilty to possession of ammunition and was found guilty of possession of the Polymer 80 handgun following a bench trial. He now stands to be sentenced.

Given the nature and circumstances of his offense, his criminal history and background, and the other salient sentencing factors, the United States recommends a Guidelines sentence as "sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3353(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008).

1

## I.    Facts

On March 4, 2020, Defendant Aaron Fein was convicted of making a false statement to an FBI agent and was sentenced to 27 months' imprisonment, to be followed by three years of supervised release. (*United States v. Fein*, 1:19-CR-118, ECF No. 68; PSR ¶¶ 13–14).

His conviction stemmed from the FBI's months-long investigation into Fein after he expressed an interest in mass shootings, bombings, and terrorism. During the investigation, the FBI discovered that Fein made several attempts to buy and rent semiautomatic pistols, assault rifles, and ammunition. In March 2019, Fein tried to rent a firearm and range time at a gun range in Kentwood, Michigan. When the range declined to rent to him, he left the premises "angry and shouting." Soon after, the Kent County Probate Court ordered him to undergo a mental health evaluation and prohibited him from possessing firearms. In the order, the court specifically found that Fein "presented a substantial risk of significant physical or mental harm to himself or others in the near future." Ignoring that order, Fein drove to Ann Arbor and rented an M4-A1 semiautomatic assault carbine at a gun range. When the range learned of Fein's status, they terminated his range time. Undeterred, Fein drove to Ohio and rented a hotel room near a gun dealer.

FBI and other law enforcement agents intercepted Fein on his way back to Grand Rapids the following day. Fein lied that he had "not possessed or fired a

firearm." Suspecting that Fein was on the verge of assembling a weapon for a mass shooting, law enforcement officers arrested Fein at his home. Fein was later convicted of making a false statement to law enforcement agents and was sentenced as noted above.

Fein began his three-year term of supervised release on March 26, 2021. (*United States v. Fein*, No. 19-cr-118, ECF No. 101, PageID.754). On April 24, 2023, Fein attempted to steal a Mastercraft 20-volt cut-out tool and two boxes of Allegra 24-hour allergy pills from a Menards in Alpine Township. (*Id.* PageID.755). When a store employee tried to block Fein's exit from the store, Fein punched him in the face, knocking him to the ground. (*Id.*). The store employee suffered an abrasion, swelling, and bruising on his nose and under his right eye. (*Id.*). Fein fled the scene in a Honda Civic with no license plate, leaving the tool behind.

Ten days later, police arrested Fein for the crimes and the prosecutor charged him with unarmed robbery, a violation of Mich. Comp. Laws § 750.530.  He pleaded guilty to lesser misdemeanor offenses of assault and battery and retail fraud in the 63rd District Court in exchange for dismissal of the robbery charge. On June 5, 2023, the court sentenced Fein to the maximum 93 days' custody. (*United States v. Fein*, No. 19-cr-118, ECF No. 101, PageID.755; Ex. 1: Certificate of Conviction).

Soon after his arrest, U.S. Probation conducted a search of Fein's residence and vehicle based on reasonable suspicion that he had violated the conditions of his

3

supervised release. Kent County Sheriff's Office also communicated to Probation that they suspected Fein to be stealing Amazon packages from people's porches. (*See* Attachment 3 to Fein's Motion to Suppress, U.S. Probation Office Search Team Post Search Summary, ECF No. 27-3, PageID.92).[1]

During the search, law enforcement seized multiple firearms-related items, including a fully assembled and functional Glock-type firearm manufactured using a Polymer 80 brand PF940V2 kit and Glock-type firearms components. They also located three additional Polymer 80 pistol receivers, dozens of rounds of ammunition, firearms parts (including lower pistol and AR receivers), electronic devices, notebooks, and a blade knife. The notebooks contained Fein's handwritten notes on assembling fully functional Polymer 80 handguns and AR-15 lower receivers. In Fein's basement, officers located a partially hidden drill press with metal shavings. This drew agents' attention because drill presses like the one recovered from Fein's basement are commonly used to manufacture and assemble firearms. From Fein's car, they recovered unused firearm targets and earplugs. Fein's Nokia cellphone was later analyzed and determined to contain evidence of

---

[1]    For his porch piracy, Fein was charged with multiple counts of larceny and mail theft in 63rd District Court in Kent County. (*See* Ex. 2: 2024-D2400855-SM Docket Report). On December 16, 2024, he pleaded guilty to mail theft, a misdemeanor, and was sentence to 59 days' custody. (*See id.*).

Fein's internet searches for Polymer 80 handgun frames and parts, as well as other firearms parts. (PSR ¶¶ 17–21).

After this Court denied Fein's motions to dismiss and to suppress, Fein pleaded guilty to being a felon in possession of ammunition. On April 7, 2025, following a bench trial, the Court found Fein guilty of being a felon in possession of a firearm. Sentencing is scheduled for July 29, 2025.

## II.    Sentencing Factors

In 18 U.S.C. § 3553(a), Congress provided the objectives and factors that courts are to consider when imposing a sentence. The government addresses the most salient § 3553(a) factors below.

Fein's unlawful possession of a fully assembled handgun, three other pistol frames, multiple AR-15 style lower receivers, and ammunition while on federal supervised release is a plainly serious crime. While on federal supervised release, he violated the very clear terms of his court supervision by possessing multiple firearms and dozens of rounds of ammunition. Most alarmingly, the evidence at trial showed that Fein was actively working on assembling multiple firearms, including AR-15 style lower receivers. He came so far in his assembly that he did create a fully operational handgun using a Polymer 80 kit.

Of course, Fein's manufacture and possession of multiple firearms and firearms parts must be viewed through the lens of his prior criminal history. His prior

conviction for lying to a federal officer arose after an investigation into him for expressing his interest in mass shootings and bombings. During that investigation, a state court entered an order barring him from possessing firearms due to concerns about the danger he posed and his mental health. Undeterred, he acquired and shot a firearm at an Ann Arbor gun range and lied about it to federal agents. Sentenced to 27 months following the Court's upward departure, Fein went on to commit the instant offense while under federal release and with express orders once again prohibiting him from possessing any firearms or firearms parts.

Given this record, Fein has a demonstrated inability to stay away from firearms, no matter the Court order or potential consequence. While he accepted some responsibility in pleading guilty to one count and proceeding to trial on a limited issue, the fact remains that he has repeatedly shown he is a danger to the community and a person who cannot be deterred from possessing firearms. His actions in this case and his prior criminal history warrant a lengthy, Guidelines prison sentence to reflect the seriousness of the offense, promote respect for the law, protect the public, and provide deterrence to Fein and others who might be inspired by his behavior.

**III.    Conclusion**

The Court should sentence Fein to a Guidelines sentence.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney
Eastern District of Michigan


 _s/Diane N. Princ_
DIANE N. PRINC
Special Assistant U.S. Attorney
Western District of Michigan
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9524

Dated: July 15, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2025, I electronically filed the foregoing document with the Clerk of the Court of the Western District of Michigan using the CM/ECF system which will send notification of such filing to the attorneys of record via email.

*s/Diane N. Princ*
DIANE N. PRINC
Special Assistant U.S. Attorney
Western District of Michigan
